**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**


**DOREATHIA HARGROW MABRY**
**AND JESSIE MABRY**                                                    **PLAINTIFFS**


**VERSUS**                                        **CIVIL ACTION NO. 2:07CV129-P-A**


**VANN C. SEELEY AND**
**SAFECO INSURANCE COMPANY**
**OF AMERICA**                                                          **DEFENDANT**


<u>**MEMORANDUM OPINION**</u>

This cause is before the Court on defendant Seeley's Motion to Dismiss for Lack of Personal

Jurisdiction [27]. The Court, having reviewed the motion, the response, the briefs of the parties and

being otherwise fully advised in the premises, finds as follows, to-wit:

FACTUAL BACKGROUND

This cause of diversity action sounding in negligence arises from a May 23, 2006 motor

vehicle accident which occurred in Memphis, Tennessee. Doreathia Mabry and Jessie Mabry were

the driver and passenger of one of the automobiles; Vann C. Seeley was the operator and sole

occupant of the other vehicle.

The Mabrys are citizens of Robinsonville, Mississippi. Defendant Seeley is a domiciliary

of Tennessee; however, at the time of the accident he worked as a night manager for the Fox and

Hound Restaurant in Southaven, Mississippi–and had been so employed for approximately a year.

On August 3, 2007, the Mabrys filed the instant suit against Seeley in an effort to recover

for injuries allegedly sustained in the accident. The complaint seeks an award of damages in excess

of $75,000, exclusive of interest and costs. Seeley filed a responsive pleading asserting lack of *in*

*personam* jurisdiction as a defense.  Sometime subsequent thereto, he filed a formal motion seeking

dismissal on the same ground.  The motion has been fully briefed and the Court is ready to rule.

<u>LEGAL ANALYSIS</u>

I.      Motion to Dismiss for Lack of Personal Jurisdiction

Seeley seeks dismissal of this action based on lack of personal jurisdiction.  He avers that

plaintiff is incapable of satisfying either Mississippi's long arm statute or the constitutional

requirements of due process.[1]  The Court will address each of these arguments in turn.

A.      Application of Mississippi's Long Arm Statute

Federal Rule of Civil Procedure 4 authorizes service of process upon nonresident defendants

by reference to the forum state's long arm statute.  F.R.C.P. 4(e), (h).  In this case, Mississippi's long

arm statute provides for the exercise of jurisdiction over nonresidents under the following

circumstances:

> Any nonresident person, firm, general or limited partnership, or any foreign or other
> corporation not qualified under the constitution and laws of this state as to doing
> business herein, who shall make a contract with a resident of this state to be
> performed in whole or in part by any party in this state, or who shall commit a tort
> in whole or in part in this state against a resident or nonresident of this state, or who
> shall do any business or perform any character of work or service in this state, shall
> by such act or acts be deemed to be doing business in Mississippi.

Miss. Code Ann. § 13-3-57 (1972) (emphasis added).  As recognized by the Mississippi Supreme

Court in <u>Yatham v. Young</u>, 912 So.2d 467, 469-70 (Miss. 2005):

> This Court has consistently interpreted this to mean that there are only three
> activities which will permit the courts of Mississippi to exercise personal jurisdiction

---

[1]  Where a defendant challenges its joinder on the grounds of personal jurisdiction, the
plaintiff bears the burden of bringing forward facts which establish prima facie evidence of
personal jurisdiction.  <u>Wilson v. Belin</u>, 20 F.3d 644, 646-47 (5th Cir. 1994).

over a nonresident defendant: (1) if that person has entered into a contract to be performed in Mississippi; (2) has committed a tort in Mississippi; or (3) is conducting business in Mississippi.

Id.

Seeley urges dismissal on the ground that the alleged tort for which plaintiffs seek recovery occurred, not in Mississippi but in Tennessee, a fact which necessarily precludes the exercise of jurisdiction under the tort prong of the long arm statute.[2] Id. However, he ignores entirely both the "contract" and "doing business" prongs of the applicable statute.

Reference to plaintiffs' response in opposition to the instant motion reveals that he relies principally on the "doing business" prong to support an exercise of jurisdiction in this case. Specifically, he points to the defendant's employment at the Fox and House Restaurant in Southaven in support of his argument. Certainly, Seeley's employment in the state of Mississippi is to satisfy the requirement of the long arm statute, especially inasmuch as no nexus need exist between the defendant's business and the cause of action. Kekko v. K & B Louisiana Corporation, 716 So.2d 682, 683 (Miss. Ct. App. 1998). Accordingly, the Court concludes that Mississippi's long arm statute permits the exercise of jurisdiction over Mabry under the facts and circumstances presented by this case.

---

[2] Although plaintiffs asserted an argument to the effect that an exercise of jurisdiction pursuant to the tort prong of the statute would be appropriate because the injury occurred in Mississippi, they failed to demonstrate how the injury, as opposed to the consequences thereof, occurred in Mississippi when the wreck undisputably took place in Tennessee.

B.    Due Process Analysis

In addition to meeting the requirements of the long arm statute, the plaintiffs must also demonstrate that the exercise of jurisdiction comports with constitutional due process analysis as delineated in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which the individual has established no meaningful 'contacts, ties, or relations'" and "'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" Electrosource, Inc. v. Horizon Battery Technologies, Limited, 176 F3d. 867, 871 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)).

The requirements of due process are met when personal jurisdiction is asserted over a nonresident defendant that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Id. at 316 (quoting  Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 343, 85 L.Ed. 278 (1940)). A Court first examines the non-resident defendant's contacts with the forum state to determine whether they are sufficient to charge it with notice that it may be subject to suit within the forum. Should the answer to that question be "yes"; then the Court undertakes the task of determining whether it would be "fair" to make the non-resident defendant face litigation in the forum.

1.    Minimum Contacts

Minimum contacts analysis differs according to whether the federal court's jurisdiction over the non-resident defendant is "general" or "specific."  Gardner v. Clark, 101 F. Supp.2d 468, 476

(N.D. Miss. 2000). When the suit "arises out of or is related to" the defendant's contacts with the forum, the analysis centers on "specific jurisdiction." Id. (quoting from Petroleum Helicopters, Inc. v. Avco Corp., 804 F.2d 1367, 1370 (5th Cir.1986)). Where the defendant's contacts with the forum state are "so substantial and of such a nature as to justify suit against a [defendant] in a suit not arising out of or not related to the defendant's contacts with the forum, the forum is said to have "general jurisdiction." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 104 S. Ct. 1868, 1872 n. 9 80 L.Ed.2d 404 (1984). This case concerns the latter type of jurisdiction. Therefore, the operative question is whether the defendant's contacts with Mississippi are such that they can be characterized as "continuous and systematic." Dickson Marine, Inc. v. Panalpina, Inc., 179 F.3d 331, 336 (5th Cir. 1999).

Under the circumstances of this case, the evidence before the Court concerning Seeley's contacts with Mississippi is limited to deposition testimony establishing his work history as the night manager for the Fox and Hound Restaurant, a dining establishment located in Southaven, Mississippi. The record establishes that Seeley had been working in that capacity for nearly a year at the time of the accident. In addition, the record reflects that Seeley frequented the Horseshoe Casino in Tunica, Mississippi, on a regular basis, as judged from his admission that several employees of the Horseshoe Casino recognized him as a customer and were familiar with him. In view of the foregoing, the Court concludes that plaintiffs have made the necessary prima facie showing that Seeley's contacts with Mississippi are of a continuous and systematic nature based on his continued employment and his routine pursuit of entertainment in the forum state. In view of the foregoing, it is fair to say that Seeley availed himself of the benefits and protections of Mississippi's laws while engaged in the foregoing activities such that he could reasonably anticipate

the possibility of being haled into court to defend an action in Mississippi.

2.    Traditional Notions of Fair Play and Substantial Justice

In view of the fact that the plaintiffs brought forth sufficient evidence of minimum contacts to justify an exercise of jurisdiction over Seeley, it is necessary for this Court to determine whether such an assertion would nonetheless be unfair and unreasonable under the circumstances presented. Gulf Consolidated Services, Inc. v. Corinth Pipeworks, S.A., 898 F.2d 1071, 1082 (5th Cir. 1990).

Of particular note at this juncture is that the defendant bears the burden of demonstrating the unfairness of an assertion of jurisdiction; said defendant must make a "compelling case" in order to defeat jurisdiction despite a showing of minimum contacts:

> To show that an exercise of jurisdiction is unreasonable once minimum contacts are established, the defendant must make a "compelling case" against it.  It is rare to say the assertion is unfair after minimum contacts have been shown.

Air Alaska, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir. 1999).

The "fairness" inquiry focuses on broad party and forum interests to determine the propriety of exercising personal jurisdiction in a given case.  In each case, the Court is to consider:

1.    The burden on the defendant in litigating in the forum state;

2.    The interests of the forum state in the lawsuit;

3.    The plaintiff's interests in obtaining convenient and effective relief;

4.    The interstate judicial system's interest in obtaining the most efficient resolution of controversies; and

5.    The shared interest of the several states in furthering fundamental substantive social policies.

Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102, 113, 107 S.Ct. 1026,

1033, 94 L.Ed.2d 92 (1987).

Application of the above factors and burden of proof constrains the Court to find that the exercise of personal jurisdiction against defendant Seeley is proper in this case. Defending the suit will impose little burden on defendant Seeley; furthermore, the burden involved is not an undue one, especially in view of the fact that Seeley is a citizen of Tennessee, a state adjacent to the forum state. Accordingly, the inconvenience and additional cost to defendant Seeley will be minimal. American Cable Corp. v. Trilogy Communications, Inc., 754 So.2d 545 (Miss. Ct. App. 2000). As to the second factor, Mississippi clearly has an interest in providing a forum for the redress of injuries to its citizens–regardless of whether the injury occurred in Mississippi. Furthermore, plaintiffs clearly have an interest in prosecuting the action in the present forum; the Mabrys' choice of forum is entitled to deference. With regard to factor four, the Court finds that, even assuming plaintiff might pursue this action in another forum at this late juncture, the interstate judicial system's interest in promoting the most efficient resolution of the controversy is best served by adjudication of plaintiff's claims in the current forum where it has been pending for quite some time. Finally, there is nothing before the Court which suggests that the fifth factor, the shared interest of the several states in furthering fundamental substantive social policies, has any application in the present case.

Based on the foregoing analysis, the Court concludes that requiring defendant Seeley to defend against the instant suit is not violative of traditional notions of fair play and substantial justice. Accordingly, defendant's motion is not well-taken and should be denied.

CONCLUSION

Based on the foregoing facts and analysis, the Court concludes that the defendant's motion is not well-taken and should be denied. An order will issue accordingly.

SO ORDERED, this the 3rd day of April, 2008.


/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE